**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PNC BANK, NATIONAL
ASSOCIATION,

      Plaintiff,

v.                                     Case No. 6:14-cv-248-Orl-37KRS

LUCMAUR, LLC; CENTER FOR
DERMATOLOGY & SKIN SURGERY,
ENID F. BURNETT, MD, P.A.; ENID F.
BURNETT; and LONGWOOD OFFICE
PARK OWNERS ASSOCIATION, INC.

      Defendants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiff, PNC Bank's Motion for Final Summary Judgment and Incorporated Memorandum of Law (Doc. 73), filed December 1, 2014;

2. Plaintiff, PNC Bank, National Association's Motion to Strike Portions of Defendants' Amended Answer and Counterclaim, or, in the Alternative, Motion for Leave to Amend Plaintiff's Motion for Final Summary Judgment and Motion for Extension of Time to File Pleading Responsive to Newly Alleged Counterclaims (Doc. 75), filed December 15, 2014;

3. Plaintiff's Renewed Motion to Strike Defendants' Affirmative Defense and Incorporated Memorandum of Law (Doc. 76), filed December 15, 2014; and

4. Plaintiff's Motion to Dismiss Defendants', LucMaur, LLC, a/k/a LucMaur, LLC, Center for Dermatology & Skin Surgery, Enid F. Burnett, MD, P.A.,

and Enid F. Burnett's, Counterclaim of Fraud in the Inducement, and Incorporated Memorandum of Law (Doc. 77), filed December 15, 2014. Upon consideration, the Court finds that Plaintiff's motions are due to be granted.

## BACKGROUND

In this breach-of-contract action, Plaintiff alleges the following: RBC Bank ("RBC"), Plaintiff's predecessor-in-interest, loaned $1,170,000 to Defendant LucMaur, LLC ("LucMaur"). (Doc. 1, ¶ 14.) In return, LucMaur executed and delivered to RBC a $1,170,000 note, which requires monthly payments of principal and interest through August 28, 2028. (*Id.* ¶¶ 15–16.) LucMaur secured payment on the note with: (1) a mortgage granting RBC a security interest in two condominium units located in Seminole County; and (2) an assignment of rents from those properties. (*Id.* ¶¶ 15–18.) Additionally, the Defendants Center for Dermatology & Skin Surgery, Enid F. Burnett, MD, P.A. and Enid F. Burnett each guaranteed LucMaur's payment on the note. (*Id.* ¶¶ 19–20.) In 2012, RBC merged with Plaintiff, leaving Plaintiff as the successor-in-interest to all rights and obligations arising out of the note and its associated security and guarantee agreements. (*Id.* ¶¶ 22–23.)

On August 28, 2013, LucMaur allegedly defaulted on the note. (*Id.* ¶ 26.) After attempts to induce LucMaur to cure failed, Plaintiff filed this action, asserting six claims: (1) "Breach of Note" ("Count I"); (2) "Mortgage Foreclosure" ("Count II"); (3) "Foreclosure of Security Interest in Leases and Rents" ("Count III"); (4) "Foreclosure of Security Interest in Personal Property" ("Count IV"); (5) "Breach of CDSS Guaranty" ("Count V"); and (6) "Breach of Burnett Guaranty" ("Count VI"). (*See id.* ¶¶ 35–79.)

On June 24, 2014, Defendants brought counterclaims of fraud in the inducement

and rescission. (*See* Docs. 47, 48.) On Plaintiff's motion, the Court dismissed both counterclaims, but it granted Defendants leave to reallege *those* counterclaims in an Amended Answer.  (*See* Docs. 64, 68.) On December 1, 2014, Defendants filed an "Amended Answer, Affirmative Defenses, and Counterclaim," in which they not only realleged their counterclaim for fraud in the inducement, but they also added three entirely new counterclaims—breach of fiduciary duty, constructive fraud, and "violation of mortgage, brokerage, and lending laws"—and named two new parties: "Third-Party Defendants" Longwood Office Park, LLC and Beaumont, Matthes & Church, Inc.[1] (*See* Doc. 74, ¶¶ 84–97.)

Plaintiff moved for summary judgment on all of its claims on December 1, 2014. (*See* Doc. 73.) Additionally, on December 15, 2014, Plaintiff moved to: (1) strike Defendants' newly added parties and counterclaims (*see* Doc. 75); (2) strike Defendants' only affirmative defense (*see* Doc. 76); and (3) dismiss Defendants' counterclaim of fraud in the inducement (*see* Doc. 77).

The response period for each of Plaintiff's motions expired, and Defendants did not file any responses. On January 22, 2014, the Court granted Defendants a grace period: it directed Defendants to respond on or before January 29, 2014, and it warned that failure to timely do so would "result in the Court considering Plaintiff's motions unopposed." (*See* Doc. 81.) January 29 has passed and, to date, Defendants have not responded. The matter is ripe for the Court's adjudication.

## DISCUSSION

On May 13, 2014, the Court issued a Case Management and Scheduling Order

---

[1] Defendants did not reassert their rescission counterclaim. (*See* Doc. 74.)

("CMSO") which, *inter alia*, emphasized that

> [e]ach party opposing any written motion, except a motion for summary judgment under Section II H below, shall file and serve, within fourteen days after being served with such motion, a legal memorandum with citation of authorities in opposition to the relief requested. Local Rule 3.01(b). *Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed.*

(*Id.* at 5–6 (emphasis added).) Regarding motions for summary judgment, the CMSO indicated:

> The Court takes a motion for summary judgment under advisement forty-five days from the date it is served, unless the Court orders a different date. Unless specifically ordered, the Court will not hold a hearing on the motion. *Failure to oppose any motion for summary judgment may result in the entry of a judgment for the movant without further proceedings.*

(*Id.* at 7 (emphasis added) (citing *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam); Fed. R. Civ. P. 56 (e)).) In spite of those warnings and the grace period granted in the Court's January 22, 2014 Order, Defendants have not responded to Plaintiff's motions. The Court accordingly considers the motions unopposed, and finds that they are due to be granted.[2]

Plaintiff submits that it is entitled to $994,102.77 in unpaid principal and $79,256.39 plus $187.78 *per diem* in unpaid interest on the note, calculated from November 24, 2014, through the date of judgment. (*See* Doc. 73-1, ¶ 21; Doc. 1-1, pp. 1–4.) Plaintiff also

---

[2] Regarding Plaintiff's motion for summary judgment, where a party fails to respond to an opponent's assertion of fact on summary judgment, the Court may "consider the fact undisputed for purposes of the motion" and may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *see also Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988). Having considered the record, including the exhibits attached to Plaintiff's Verified Complaint and the uncontroverted affidavit attached to Plaintiff's motion for summary judgment (*see* Docs. 1-1, 1-2, 73-1), the Court finds that Plaintiff is entitled to summary judgment on all of its claims.

4

claims entitlement to "late charges in the amount of $5,850.00, together with expenses, court costs, additional late fees, and attorney's fees." (*See* Doc. 73-1, ¶ 21.) However, Plaintiff clarifies that,

> [w]hile [it] seeks entry of a final summary judgment on all claims, it elects to have a foreclosure judgment entered on Counts II–IV, and [it] asks [the] Court to reserve jurisdiction to enter a money judgment on Counts I, V, and VI for any deficiency due and owing following the foreclosure sale.

(Doc. 73, pp. 13–14.) In light of the specificity of Plaintiff's requested relief, and to conserve judicial resources, the Court will direct Plaintiff to file a proposed final judgment, together with a supplemental memorandum delineating and itemizing the amount of any requested interest, expenses, court costs, additional late fees, and attorney's fees.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff, PNC Bank, National Association's Motion to Strike Portions of Defendants' Amended Answer and Counterclaim (Doc. 75); Plaintiff's Renewed Motion to Strike Defendants' Affirmative Defense and Incorporated Memorandum of Law (Doc. 76); and Plaintiff's Motion to Dismiss Defendants', LucMaur, LLC, a/k/a LucMaur, LLC, Center for Dermatology & Skin Surgery, Enid F. Burnett, MD, P.A., and Enid F. Burnett's, Counterclaim of Fraud in the Inducement, and Incorporated Memorandum of Law (Doc. 77) are **GRANTED**.

    a. In Defendants' Amended Answer, Affirmative Defenses, and Counterclaim (Doc. 74), all affirmative defenses are **STRICKEN**, and all counterclaims are **DISMISSED**.

    b. The Clerk is **DIRECTED** to terminate Longwood Office Park, LLC

   and Beaumont, Matthes & Church, Inc. as parties to this action.

2. Plaintiff, PNC Bank's Motion for Final Summary Judgment and Incorporated Memorandum of Law (Doc. 73) is **GRANTED**.

3. In accordance with this Order and pursuant to Federal Rule of Civil Procedure 58(a), the Court with enter a separate judgment in favor of Plaintiff.

4. On or before Friday, February 13, 2014, Plaintiff is **DIRECTED** to file and email to the Chambers email address: (1) a proposed final judgment; and (2) an itemized supplemental memorandum delineating the amount of any interest, "expenses, court costs, additional late fees, and attorney's fees" requested in the proposed final judgment and the calculations used to reach those amounts.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 3, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record