# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

PNC BANK, NATIONAL ASSOCIATION,

        Plaintiff,

v.                                            Case No. 6:14-cv-248-Orl-37KRS

LUCMAUR, LLC; CENTER FOR DERMATOLOGY & SKIN SURGERY, ENID F. BURNETT, MD, P.A.; ENID F. BURNETT; and LONGWOOD OFFICE PARK OWNERS ASSOCIATION, INC.

        Defendants.

## ORDER

This cause is before the Court on the following:

1. Motion for Reconsideration and/or Relief from Order Dated February 3, 2015 (Doc. 83), filed February 10, 2015; and

2. Plaintiff's Response in Opposition to Defendants' Motion for Reconsideration and/or Relief from Order Dated February 3, 2015 and Incorporated Memorandum of Law (Doc. 93), filed February 17, 2015.

Upon consideration, the Court finds that Defendants' motion is due to be denied.

## BACKGROUND

The Rules of the United States District Court for the Middle District of Florida ("Local Rules") and the Court's Case Management and Scheduling Order ("CMSO") expressly provide that parties must file a timely response to any motion that they intend to oppose. (*See* Doc. 33, pp. 5–7 (citing Local Rule 3.01(b)).) Responses are timely if

filed within thirty days of a motion for summary judgment or fourteen days of any other motion.[1] (*See id.*)

By January 22, 2015, Plaintiff's motion for summary judgment had been pending for fifty-two days and its three motions to dismiss or strike portions of the Amended Answer had been pending for thirty-eight days.[2] (*See* Docs. 73, 75–77.) Defendants had not yet responded to any of the motions, meaning that if they were intending to oppose them, Defendants were over two weeks late in doing so. (*See* Doc. 33, pp. 5–7.) At that point, the Court could have considered the motions unopposed and granted all four of them. (*See id.*) The CMSO explicitly warns of such a possibility. (*See id.*) Instead though, in an effort to give this action one more chance for resolution on its merits, the Court *sua sponte* ordered Defendants to respond to the motions within a seven-day grace period.[3] (*See* Doc. 81.)

On January 29, 2015, the grace period expired and Defendants still had not responded. On February 3, 2015, in the absence of opposition, the Court granted

---

[1] In practice, parties actually have thirty-three days to respond to a motion for summary judgment and seventeen days to respond to all other motions because the Court requires electronic filing and Federal Rules of Civil Procedure 6(d) and 5(b)(2)(E) permit an additional three days to respond to electronically filed motions.

[2] At the outset of this seemingly straightforward foreclosure action, the Court set a relatively condensed trial schedule at the parties' request. (*See* Docs. 32, 33.) However, as a result of several extensions, pleading deficiencies, and amendments, Defendants' counterclaims progressed substantially more slowly than Plaintiff's claims and were ultimately finalized on December 1, 2014, the date that the parties had originally selected as their dispositive-motions deadline. (*Compare* Docs. 1, 25, 29, 37, *with* Docs. 40, 41, 47, 48, 53–56, 58, 59, 64, 65, 68–70, 74.) Nevertheless, Defendants never moved for a Rule 16(b)(4) order modifying the schedule.

[3] The January 22, 2015 Order marked the third time that Defendants had failed to timely respond to one or more of Plaintiff's motions and the third time that the Court had *sua sponte* permitted them an opportunity to rectify that failure. (*See* Docs. 36, 65, 81.) Representative of their lack of diligence in this action, Defendants again failed to respond within the grace period in two out of the three instances. (*See* Docs. 65, 81.)

Plaintiff's motions. (*See* Doc. 82.)

Defendants now move to vacate the February 3, 2015 Order as the product of "mistake, inadvertence and/or excusable neglect," arguing that their counsel never learned of the seven-day grace period because his e-mail service flagged the Court's "Notice of Electronic Filing" as spam and filtered it accordingly. (*See* Doc. 83, ¶¶ 3–5 (citing Fed. R. Civ. P. 60(b)).) Alternatively, they request vacatur under the Court's "inherent power to reconsider interlocutory orders." (*See id.*) Plaintiff opposes. (Doc. 93.) The matter is ripe for the Court's adjudication.

## STANDARDS

Rule 60(b)(1) permits a court, in its discretion, to vacate a prior order which was entered as a result of a party's "mistake, inadvertence, surprise, or excusable neglect." In the context of Rule 60(b)(1), "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). Relevant considerations include the *Pioneer* factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See* 507 U.S. at 395. The moving party bears the burden of establishing entitlement to Rule 60(b)(1) relief. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

**DISCUSSION**

Having considered the *Pioneer* factors, the Court finds that Defendants have not established the type of "mistake, inadvertence, surprise, or excusable neglect" necessary to set aside the February 3, 2015 Order under Rule 60(b)(1). *See* 507 U.S. at 395. In particular, the Court finds that the third factor—the reason for Defendants' failure to timely respond to Plaintiff's motions—weighs heavily against vacatur. *See id.*

The crux of Defendants' motion is that, without electronic notification of the Court's January 22, 2015 grace-period Order, Defendants could not have known that their failure to timely respond to Plaintiff's motions would result in the Court granting the motions as unopposed. (*See* Doc. 83, ¶¶ 3, 11.) The Court disagrees. First, as addressed above, the Local Rules and the Court's CMSO make it abundantly clear that the Court can and will grant motions as unopposed in the absence of a timely objection. (*See* Doc. 33, pp. 5–7 (citing Local Rule 3.01(b)).) Second, Defendants' focus on the grace-period Order distracts from the more pertinent issue: it was Plaintiff's filing of the motions themselves, and not the Court's issuance of the grace-period Order, that triggered Defendants' duty to respond. Tellingly, while Defendants maintain that they lacked notice of the grace-period Order, they do not claim that they were unaware of Plaintiff's pending motions. (*See* Doc. 83.) Indeed, such a claim would strain credulity, as Defendants had every reason to anticipate that Plaintiff would file its motions on the dates that it did. Plaintiff filed its motion for summary judgment on December 1, 2014—the dispositive-motions deadline that Defendants themselves requested. (*See* Docs. 32, 73.) Plaintiff filed its three motions directed to Defendants' Amended Answer within Rule 12(a)'s mandatory twenty-one day window for responding to the counterclaims therein.

(*See* Docs. 74–77.) Although this action had its share of procedural irregularities, two things that never changed were the dispositive-motions deadline governing Plaintiff's claims and the application of the Federal Rules of Civil Procedure to Defendants' counterclaims.

All of this is to say that, if Defendants or their counsel had read the CMSO and checked the docket in this case *once* during the two-month period that elapsed between the dispositive-motions deadline and the Court's February 3, 2015 Order, they would have seen at least one potentially case-dispositive motion pending and they would have known that failure to timely respond may result in the Court granting the motion unopposed. Defendants offer no excuse for their inattention to this action's progression. (*See* Doc. 83; *see also* Doc. 84, ¶ 6 (acknowledging that Defendants' counsel delegates docket-checking to his staff, who did not check the docket in this case for some unspecified period of time surrounding the January 22, 2015 grace-period Order).) To be entitled to a Rule 60(b)(1) vacatur, defaulting parties and their counsel must, at a minimum, have monitored the action against them and responded to developments appropriately. *See Sloss*, 488 F.3d at 935–36. Defendants' and their counsel's failure to do so in this case is fatal to their Rule 60(b)(1) motion.

The Court declines Defendants' alternate request to vacate the February 3, 2015 Order pursuant to the Court's inherent power to revisit interlocutory orders. (*See* Doc. 83, ¶¶ 3, 6.) Defendants' motion is therefore due to be denied in its entirety.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Motion for Reconsideration and/or Relief from Order Dated February 3,

    2015 (Doc. 83) is **DENIED**.

  2.   The final pretrial conference set for April 16, 2015, the bench trial set for the May 2015 trial term, and all related deadlines are **CANCELED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 6, 2015.

                  *[signature]*
                  ROY B. DALTON JR.
                  United States District Judge

Copies:

Counsel of Record