# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PNC BANK, NATIONAL ASSOCIATION,**

        **Plaintiff,**

**v.**                                **Case No:   6:14-cv-248-Orl-37KRS**

**LUCMAUR, LLC, CENTER FOR
DERMATOLOGY & SKIN SURGERY,
ENID F. BURNETT, MD, P.A., ENID F.
BURNETT and LONGWOOD OFFICE
PARK OWNERS ASSOCIATION, INC.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF, PNC BANK'S, RENEWED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANT, LONGWOOD OFFICE PARK OWNERS ASSOCIATION, INC. (Doc. No. 89)** |
| **FILED:** | **February 12, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   PROCEDURAL HISTORY.

      Plaintiff PNC Bank, National Association ("PNC") filed a verified complaint against LucMaur, LLC ("LucMaur"); Center for Dermatology & Skin Surgery, Enid F. Burnett, MD, P.A. ("CDSS"); Enid F. Burnett; and Longwood Office Park Owners Association, Inc. (the

"Association").   Doc. No. 1.   The complaint consisted of six counts: (1) breach of note against LucMaur; (2) mortgage foreclosure against all Defendants; (3) foreclosure of security interest in leases and rents against all Defendants; (4) foreclosure of security interest in personal property against all Defendants; (5) breach of guaranty against CDSS; and (6) breach of guaranty against Burnett.   *Id.* at 8-17.

PNC served its verified complaint on the Association on March 5, 2014, but the Association has not appeared in this action.   *See* Doc. No. 24.   At PNC's request, the Clerk of Court entered a default against the Association on April 10, 2014.   Doc. Nos. 30, 31.   Defendants LucMaur, CDSS and Burnett answered PNC's verified complaint on June 24, 2014.   Doc. No. 47.   On July 21, 2014, PNC moved for an entry of default judgment against the Association.   Doc. No. 55.   The Court denied the motion without prejudice and instructed PNC to file a renewed motion after the case was resolved against the remaining defendants.   Doc. No. 60, at 2.

PNC filed a motion for summary judgment against the remaining defendants on December 1, 2014, Doc. No. 73, and the Court granted the motion on February 3, 2015, Doc. No. 82.[1] Following the Court's ruling on the summary judgment motion, PNC filed the instant renewed motion for an entry of default judgment against the Association.   Doc. No. 89.   PNC served the motion on the Association by U.S. mail, but the Association failed to respond and the time for doing so has passed.   *See id.* at 7.   Accordingly, the renewed motion for default judgment is ripe for consideration.

---

[1] Defendants LucMaur, CDSS and Burnett moved for reconsideration of the summary judgment motion, Doc. No. 83, but the Court denied the reconsideration request on March 9, 2015, Doc. No. 96.

## II.      STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.  *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law.").   Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether [the] plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   This analysis applies equally to motions for default judgment.  *See De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.   Rather, the Court determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).   If a default judgment is warranted, the court may hold a hearing for purposes of assessing damages.  Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).   However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages.   *Smyth*, 420 F.3d at 1232 n.13.

### III.     ALLEGATIONS OF THE COMPLAINT.

On or about August 28, 2008, LucMaur executed a promissory note on a loan of $1,170,000.00 from RBC Bank.   Doc. No. 1 ¶¶ 14-15.   LucMaur secured payment on the note with: (1) a mortgage granting RBC a security interest in two condominium units located in Seminole County; and (2) an assignment of rents from those properties.   *Id.* ¶¶ 17-18.   The mortgage and assignment of rents were recorded on September 2, 2008.   *Id.*   RBC Bank merged with and into PNC on March 2, 2012, *id.* ¶ 22, and PNC became the holder and owner of the note and mortgage, *id.* ¶ 4.   LucMaur defaulted on the loan by failing to make payments due on August 28, 2013, and thereafter.   *Id.* ¶ 26.   PNC notified LucMaur of its default on September 20, 2013, but LucMaur failed to cure the default.   *Id.* ¶¶ 27-28.   As of January 14, 2014 LucMaur owed PNC $1,015,747.82, plus interest accrued thereafter, expenses, court costs, and attorneys' fees.   *Id.* ¶ 34.

The Association may have or claim some interest in the real and personal property that is subject to the mortgage, and the rents that are subject to the assignment of rents pursuant to the Declaration of Condominium for Longwood Office Park, A Condominium.   Any interest is junior to and inferior to PNC's interest.   *Id.* ¶¶ 48, 57, 64.

### IV.     ANALYSIS.

It appears that Association is the condominium association for the two condominiums pledged as collateral to secure the promissory note.   Section 718.116(5)(a), Florida Statutes, provides that a condominium association has a lien on each condominium parcel to secure the payment of assessments.   This statute "makes condominium assessment liens subordinate to first mortgages of record, except in the limited instances where a claim of lien was filed prior to the mortgage being recorded."   *In re Plummer*, 484 B.R. 882, 889 (Bankr. M.D. Fla. 2013).

Here, PNC requests the Court enter a default judgment against Association, adjudicating that:

> (1) PNC has a lien on the Secured Property that is superior to the rights of Association; (2) foreclosing Association's interest, as to PNC, in the following: (a) the Mortgaged Property as set forth in Count II of the Complaint; (b) the Leases and Rents as set forth in Count III of the Complaint; (c) the Personal Property as set forth in Count IV of the Complaint; and (3) to order such other relief as this Court deems just and proper.

Doc. No. 89, at 6.

The Court has already determined that PNC has an interest in the real property, personal property, and rent that is subject to this action.  *See* Doc. No. 82 (granting PNC's motion for summary judgment).   The Court has also determined that PNC is entitled to foreclose on its interest. *Id.*  Further, by way of its default, the Association admits that any interest that it may have in the collateral at issue is junior, inferior and subordinate to PNC's interest therein.   Doc. No. 1 ¶¶ 48, 57, 64.   Accordingly, I recommend that the Court find that these facts warrant an entry of default judgment against the Association foreclosing the Association's interest, as to PNC, in the following: (a) the Mortgaged Property as set forth in Count II of the Complaint; (b) the Leases and Rents as set forth in Count III of the Complaint; (c) the Personal Property as set forth in Count IV of the Complaint.

## V.      RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Renewed Motion for Entry of Default Final Judgment against Defendant, Longwood

Office Park Owners Association, Inc.   (Doc. No. 89).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 1, 2015.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy