UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PNC BANK, NATIONAL
ASSOCIATION, successor to RBC
BANK (USA),

    Plaintiff,

v.

LUCMAUR, LLC a/k/a LUCMAUR,
LLC, a Florida limited liability
company, CENTER FOR
DERMATOLOGY & SKIN SURGERY,
ENID F. BURNETT, MD, P.A., a
Florida corporation, ENID F.
BURNETT, an individual, and
LONGWOOD OFFICE PARK
OWNERS ASSOCIATION, INC., a
Florida non-profit corporation,

    Defendants.
_____/

Case No.: 6:14-cv-00248-RBD-KRS

## **FINAL JUDGMENT**

This matter came before the Court upon the Motion for Final Summary Judgment and Incorporated Memorandum of Law (Doc. 73); the Motion to Strike Portions of Defendants' Amended Answer and Counterclaim, or, in the Alternative, Motion for Leave to Amend Plaintiff's Motion for Final Summary Judgment and Motion for Extension of Time to File Pleading Responsive to Newly Alleged Counterclaims (Doc. 75); the Renewed Motion to Strike Defendants' Affirmative Defense and Incorporated Memorandum of Law (Doc. 76); the Motion to Dismiss Defendants', LucMaur, LLC, a/k/a LUCMAUR, LLC, Center for Dermatology & Skin Surgery, Enid F. Burnett, MD, P.A., and Enid F. Burnett's, Counterclaim of Fraud in the Inducement,

and Incorporated Memorandum of Law (Doc. 77); and the Renewed Motion for Entry of Default Final Judgment Against Defendant, Longwood Office Park Owners Association, Inc. (Doc. 89)—all of which were filed by Plaintiff, PNC Bank, National Association, successor to RBC Bank (USA) ("Plaintiff" or "PNC") and granted by separate Court Orders (Docs. 82, 102).

After the Court's review of the pleadings and motions, and being duly advised, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendants LucMaur, LLC, a/k/a LUCMAUR, LLC ("LucMaur"); Center for Dermatology & Skin Surgery, Enid F. Burnett, MD, P.A. ("CDSS"); and Enid F. Burnett ("Burnett") jointly and severally owe Plaintiff the following monetary amounts:

| | |
|---|---:|
| Principal | $994,102.77 |
| Interest[1] | $115,310.15 |
| Late Fees (as of November 24, 2014) | $5,850.00 |
| **Subtotal (before attorney's fees, legal expenses, and costs)** | **$1,115,262.92** |
| Attorneys' fees and legal expenses | $71,059.50 |
| Taxable Costs | $610.00 |
| **Total** | **$1,186,932.42** |

The total amount, pursuant to 28 U.S.C. § 1961, shall bear interest at the rate of .24 percent[2] from the date of this judgment until satisfied.

---

[1] In granting Plaintiff's motion for summary judgment (*see* Docs. 73, 82, 96), the Court implicitly found that, as of November 24, 2014, LucMaur, CDSS, and Burnett owed Plaintiff interest in the amount of "$79,256.39" plus *per diem* interest of "$187.78" through the date of judgment. Including the date of this Judgment, 192 days have elapsed since November 24, 2014. Accordingly, LucMaur, CDSS, and Burnett owe Plaintiff a total of $115,310.15 (that is, $79,256.39 plus $36,053.76 ($187.78 multiplied by 192)).

[2] This interest rate is calculated according to the week ending May 29, 2015—that is, the "week preceding the date of judgment." 28 U.S.C. § 1961(a).

2.      A final judgment of foreclosure is entered in favor of Plaintiff against Defendants LucMaur, CDSS, Burnett,[3] and Longwood Office Park Owners Association, Inc. (the "Association")[4] on the Mortgage dated August 28, 2008, recorded on September 2, 2008, in the Official Records of Seminole County, Florida at Instrument No. 2008099377, OR Book 7056, Page 868 (the "Mortgage").  Plaintiff holds a lien for the total sum in paragraph 1 superior to all claims or estates of any of the Defendants and those claiming by, through, under or against the Defendants, on the real property in Seminole County, Florida, together with all existing or subsequently erected or affixed buildings, improvements and fixtures located on or in such property (the "Property") more particularly described as follows:

> UNIT 1000 AND UNIT 2000 IN BUILDING 583, LONGWOOD OFFICE PARK, A CONDOMINIUM, PURSUANT TO DECLARATION OF CONDOMINIUM RECORDED IN OFFICIAL RECORD BOOK 6942, PAGE 1414, PUBLIC RECORDS OF SEMINOLE COUNTY, AS AMENDED BY AMENDMENT ONE RECORDED IN OFFICIAL RECORDS BOOK 7024, PAGE 183, PUBLIC RECORDS OF SEMINOLE COUNTY, FLORIDA.

3.      Plaintiff has standing to foreclose the Mortgage, is the owner and holder of the Promissory Note dated August 28, 2008 ("Promissory Note"), secured by the Mortgage, which Note shall be admitted into evidence.

4.  To subordinate lienholders, if any exist:

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

---

[3] See Doc. 82.
[4] See Doc. 102.

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

5. Plaintiff is a citizen of Delaware. Defendant LucMaur is a Florida limited liability company, whose sole member is a citizen of Florida (Defendant Burnett). Defendant CDSS is a corporation and is a citizen of Florida. Defendant Burnett is a citizen of Florida. Defendant Association is a non-profit corporation and is a citizen of Florida. All Defendants were properly served with service of process in this action.

6. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because Defendants are citizens of Florida, whereas, Plaintiff, PNC, is a citizen of Delaware.

7. Pursuant to the Promissory Note, Mortgage, and guaranty agreements at issue in this action and described in the Verified Complaint, PNC is entitled to recover its reasonable attorney's fees and costs from Defendants LucMaur, CDSS, and Burnett. The Court finds that the amounts of attorney's fees and costs described in paragraph 1 were appropriate and reasonably necessary for the prosecution of this action.

8. Jurisdiction of this action is retained to enter further Orders that are proper, including, but not limited to, confirmation of the foreclosure sale, re-foreclosure of the mortgage as to any omitted party or to correct any error in legal description of the property, entry of deficiency judgments, and writs of possession.

9. The true and correct physical address of Plaintiff PNC Bank, N.A. is 222 Delaware Avenue, Wilmington, DE 19801.

10. The true and correct physical address of Defendant, LucMaur, is c/o Enid F. Burnett, M.D., registered agent, 2921 South Orlando Drive, Suite 166, Sanford, Florida 32773.

11. The true and correct physical address of Defendant, CDSS, is c/o Enid F. Burnett, M.D., registered agent, 2921 South Orlando Drive, Suite 166, Sanford, Florida 32773.

12. The last known reported address of Defendant, Burnett, is 5083 Otters Den Tree Trail, Sanford, Florida 32771.

13. The true and correct physical address of Defendant, Association, is c/o Ronald F. Mastriana, Registered Agent, 1500 North Federal Highway, Suite 200, Ft. Lauderdale, Florida 33304.

14. The Plaintiff may assign the judgment, as well as any credit bid permitted in a foreclosure sale, by the filing of an assignment without further Order of the Court.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 3, 2015.

ROY B. DALTON JR.
United States District Judge

Copies: Counsel of Record