UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PNC BANK, NATIONAL ASSOCIATION,
successor to RBC BANK (USA),

        Plaintiff,

v.

Case No.: 6:14-cv-00248-RBD-KRS

LUCMAUR, LLC a/k/a LUCMAUR, LLC, a
Florida limited liability company, CENTER
FOR DERMATOLOGY & SKIN
SURGERY, ENID F. BURNETT, MD,
P.A., a Florida corporation, ENID F.
BURNETT, an individual, and
LONGWOOD OFFICE PARK OWNERS
ASSOCIATION, INC., a Florida non-profit
corporation,

        Defendants.
_____/

## ORDER APPOINTING MASTER TO CONDUCT FORECLOSURE SALE

On June 3, 2015, the Court entered a Final Judgment in favor of Plaintiff and against Defendants, LUCMAUR, LLC, a/k/a LucMaur LLC ("LucMaur"), Center for Dermatology & Skin Surgery, Enid F. Burnett, MD, P.A. ("CDSS"), and Enid F. Burnett ("Burnett"), jointly and severally, for the following amounts:

| Principal | $994,102.77 |
|---|---|
| Interest | $115,310.15 |
| Late Fees | $5,850.00 |
| **Subtotal (before attorney's fees, legal expenses, and costs)** | **$1,115,262.92** |
| Attorneys' fees and legal expenses | $71,059.50 |
| Taxable Costs | $610.00 |
| **Total** | **$1,186,932.42** |

which total amount ("Total Amount") bears interest pursuant to 28 U.S.C. § 1961 until satisfied (collectively, with the Total Amount, the "Total Sum Due and Owing").

The Court also entered Final Judgment in favor of Plaintiff and against all Defendants—including Longwood Office Park Owners Association, Inc. ("Association")—on the Mortgage ("Mortgage") dated August 28, 2008, recorded on September 2, 2008, in the Official Records of Seminole County, Florida at Instrument No. 2008099377, OR Book 7056, Page 868.  Plaintiff holds a lien, for the total sum, that is superior to all claims or estates of any Defendants, and those claiming by, though, under or against the Defendants, on the real property in Seminole County, Florida, together with all fixtures located on or in such property (the "Property") more particularly described as follows:

> UNIT 1000 AND UNIT 2000 IN BUILDING 583, LONGWOOD OFFICE PARK, A CONDOMINIUM, PURSUANT TO DECLARATION OF CONDOMINIUM RECORDED IN OFFICIAL RECORD BOOK 6942, PAGE 1414, PUBLIC RECORDS OF SEMINOLE COUNTY, AS AMENDED BY AMENDMENT ONE RECORDED IN OFFICIAL RECORDS BOOK 7024, PAGE 183, PUBLIC RECORDS OF SEMINOLE COUNTY, FLORIDA.

On February 12, 2015, Plaintiff moved pursuant to Fed. R. Civ. P. 53(a)(1)(C) for appointment of Philip J. von Kahle as Master to oversee a foreclosure sale of the Property. (Doc. 87.) On May 29, 2015, at Magistrate Judge Karla R. Spaulding's recommendation (Doc. 101), the Court granted the motion and stated that it would appoint Philip J. von Kahle upon cancelation of the promissory note at issue in this action. (Doc. 102.)

Plaintiff has now tendered the note for cancelation. (*See* Docs. 102, 103.) Accordingly, it is hereby **ORDERED**:

1. Philip J. von Kahle of Michael Moecker & Associates, Inc., 3613 North 29th Avenue, Hollywood, Florida 33020, is appointed as master (the "Master") to conduct the foreclosure sale in this case. The Master is directed to proceed with all reasonable diligence.

2. If the Total Sum Due and Owing and all costs accrued subsequent to this judgment are not paid, the Master shall sell the Property at a public sale in the first floor lobby of the U.S. Courthouse and Federal Building, 401 W Central Blvd, Orlando, FL 32801, at a date and time to be determined by the Master in coordination with Plaintiff,[1] not less than sixty (60) days from the entry of this Order, to the highest bidder for cash, certified check or cashier's check made payable to the Clerk of this Court, except as prescribed in paragraph 5, in accordance with 28 U.S.C. § 2001 and § 2002.

3. The Plaintiff shall publish notice of sale once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county wherein the Property is situated, in accordance with 28 U.S.C. § 2002. Plaintiff or Plaintiff's attorney may also cancel or reschedule the sale by filing a motion with the Court and may seek to reschedule the sale to a later date.

4. Plaintiff shall advance all subsequent costs of this action, including any fees and costs of the Master associated with the sale, whose set fee has been agreed to by Plaintiff and the Master. Plaintiff may file an affidavit of additional attorney's fees and costs prior to the sale. However, Plaintiff shall be responsible for the fees of the Master, which shall not be taxed to Defendants per an agreement reached with Plaintiff.

5. Plaintiff may credit bid up to the Total Sum Due and Owing, plus any additional attorney's fees and costs supported by an affidavit filed prior to the sale. The successful bidder shall deliver a deposit to the Master of not less than ten (10) percent of

---

[1] The Master is permitted to have ex parte communications with any party and the Court. The parties shall, within a reasonable time and via email, inform the opposing party(ies) of the nature and substance of any ex parte communications with the Master. As such, once a sale date and time have been selected, Plaintiff shall inform Defendants' counsel of that date and time within a reasonable time via email.

the successful bid price at the time of sale and the balance of the bid price shall be delivered to the Master in cash, certified check or cashier's check made payable to the Clerk of Court no later than 5:00 p.m. on the day following the sale. Should the highest bidder at the sale fail to tender the full bid amount in a timely manner, the Property shall be sold to the next highest bidder timely tendering said next highest bidder's full bid amount, without the necessity of any further sale or advertising.

6. Upon receiving the bid amount from the purchaser of the Property, the Master shall deposit any proceeds of the sale with the Clerk of this Court and shall file a report of sale with the Court, stating the date of the sale, the name and address of the winning bidder, the amount of the bid, the proceeds, if any, deposited with the Clerk, and the Master's fees and costs, which sale is subject to confirmation by the Court.

7. If no objections to sale are filed within fourteen (14) days of the filing of the report of sale, the Plaintiff shall file a motion for an order confirming the sale and instructing the Master to issue a Certificate of Title or Deed for the Property to the purchaser of the Property at the sale, and for distribution of any proceeds received from the sale by the Clerk.

8. Upon confirmation of the sale by the Court, the Master shall convey to the purchaser a Certificate of Title or Deed, which shall be recorded in the public records of Seminole County, Florida. The party to whom the Certificate of Title or Deed is issued shall be responsible for any State of Florida documentary stamps due upon the recording of the Certificate of Title or Deed.

9. Unless otherwise ordered by the Court, upon confirmation of the sale, the Clerk shall distribute the remaining proceeds of the sale, so far as they are sufficient, by

paying: first, any fees and costs owed to the Master for the sale; second, all of Plaintiff's costs; third, Plaintiff's attorneys' fees; fourth, the Total Sum Due and Owing to Plaintiff, including interest to the date of the sale, less the items paid; and by retaining any remaining amount pending the further order of this Court.

10. Upon recording of the Certificate of Title or Deed, the Defendants and all persons claiming by, through, under or against Defendants since the filing of the notice of lis pendens shall be foreclosed of all estates or claims in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon recording of the Certificate of Title or Deed, the person named on the Certificate of Title or Deed shall be let into possession of the Property. If the Defendants or anyone claiming under or against Defendants remains in possession of the property, the Clerk of the Court shall upon motion without further order of the Court issue forthwith a writ of possession upon request of the person named on the Certificate of Title or Deed. On issuance of the Certificate of Title or Deed, Defendant LucMaur's right of redemption as provided by section 45.0315, Florida Statutes, shall be terminated.

11. Unless otherwise ordered, upon confirmation of the sale by the Court, and conveyance to the purchaser of the Certificate of Title or Deed, the Master shall be discharged without further order of the Court.

12. The Master may apply to the Court for further instructions if needed.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 3, 2015.



ROY B. DALTON JR.
United States District Judge

Copies: Counsel of Record
Master, Philip J. von Kahle