**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PNC BANK, NATIONAL ASSOCIATION,

      Plaintiff,

v.                                          Case No. 6:14-cv-248-Orl-37KRS

LUCMAUR, LLC; CENTER FOR DERMATOLOGY & SKIN SURGERY, ENID F. BURNETT, MD, P.A.; ENID F. BURNETT; and LONGWOOD OFFICE PARK OWNERS ASSOCIATION, INC.,

      Defendants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiff's Motion to Confirm Foreclosure Sale (Doc. 110), filed September 4, 2015; and

2. Defendants[] [Lucmaur, LLC, Center for Dermatology and Skin Surgery, Enid F. Burnett MD, P.A., and Enid F. Burnett's] Objection and Response in Opposition to Part of the Plaintiff's Motion to Confirm Foreclosure Sale and Memorandum of Law Thereon (Doc. 111), filed September 8, 2015.

Local Rule 3.01(g) requires that before filing most motions, the moving party is obligated to meet and confer with the opposing party in an effort to resolve the issues raised by the motion. M.D. Fla. R. 3.01(g). The moving party must then include a certification in the motion notifying the Court as to whether the opposing party agreed to the requested relief. *Id.* As defined in the Court's Case Management and Scheduling Order ("CMSO"), "the term 'confer' in Rule 3.01(g) requires a substantive conversation *in*

*person or by telephone* . . . and does not envision an exchange of ultimatums by fax, letter or email. Counsel who merely 'attempt' to confer have not 'conferred.'" (Doc. 33, p. 4.)

Here, Plaintiff's certification does not comply with Rule 3.01(g) because Plaintiff failed to certify that the parties conversed *in person or by telephone*. (*See* Doc. 110, pp. 5–6.) As advised in the CMSO, the Court will deny motions with such deficient certifications. (Doc. 33, p. 5.)

The CMSO also requires the non-movant to "respond promptly to inquiries and communications from opposing counsel." (*Id.* at p. 4.) Here, Plaintiff has alleged that Defendants' counsel did not comply with its obligations under the CMSO. (Doc. 110, pp. 5–6.) However, Defendants' response also alleges troubling conduct on the part of Plaintiff's counsel. (Doc. 111, pp. 1–2.) Regardless of the truth of such allegations, this is precisely the type of uncollegial behavior that Rule 3.01(g) seeks to prevent. *See Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D. Fla. 1996) ("The purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention.").

The motion is due to be denied because it was filed without the requisite certification. After sufficiently complying with Local Rule 3.01(g), Plaintiff may reassert its motion. Defendants' counsel is reminded that the CMSO requires prompt responses to such communications. (Doc. 33, p. 4.) Counsel for both parties are reminded that the Court will not tolerate unprofessional conduct.[1]

---

[1] Pursuant to the Court's trial management preferences, "[a]ttorneys are encouraged to be familiar with the Codes of Pretrial and Trial Conduct promulgated by the American College of Trial Lawyers and to conduct themselves accordingly." A link to these Codes can be found at https://www.flmd.uscourts.gov/judicialInfo/Orlando/JgDalton.html.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Confirm Foreclosure Sale (Doc. 110) is **DENIED Without Prejudice**.

2. The parties are **DIRECTED** to meet and confer in compliance with Local Rule 3.01(g) and the Court's Case Management and Scheduling Order. (Doc. 33.)

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 9, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record